No. 88-392

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

FIRST BANK WESTERN MONTANA MISSOULA,

Plaintiff and Respondent,

-vs-

VERNONT T. GREGOROFF and LUANNE
GREGOROFF,

Defendants and Appellants.

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

David L. Holland argued, Butte, Montana
David J. Wing argued, Butte, Montana

For Respondent:

Corette, Smith, Pohlman & Allen; Lisa Swan Semansky
argued and R.D. Corette, Jr. argued, Butte, Montana

Submitted: January 10, 1989

Decided: March 2, 1989

Filed:

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

Appellants Vernon and Luanne Gregoroff challenge the constitutionality of Montana's Claim and Delivery statutes, under which their trailer was seized by the Butte-Silver Bow County sheriff. Appellants allege they were denied procedural due process when the District Court, upon motion of respondent First Bank Western Montana, ordered the seizure of the trailer without providing notice of or opportunity for an immediate post-seizure hearing. The appellants' motion to quash the claim and delivery order was denied, and respondent's motion for summary judgment was subsequently granted. This appeal arises from the District Court's order and judgment entered against the appellants. We affirm, but remand for clarification of the judgment.

In 1983, Gregoroffs purchased a fifth-wheel trailer from Rangitsch Brothers in Missoula, Montana. The purchase was financed through respondent First Bank Western Montana (hereinafter referred to the Bank). Gregoroffs simultaneously executed a retail installment contract which granted a security interest in the trailer to the Bank.

Gregoroffs ultimately defaulted on the installment contract, and the Bank was unable to locate the trailer for several months after the default. After locating the Gregoroffs, the Bank unsuccessfully attempted to have the note payments brought current. The Gregoroffs were informed by Bank employee Donna Duffy that they must either make the late note payments under the contract or turn the trailer over to the Bank. Mr. Gregoroff informed Duffy that he would not surrender the trailer, but would be taking a job in Arizona which would enable him to make the note payments.

Although he informed Duffy that he, Mrs. Gregoroff and their young daughter were living in the trailer, he did not specifically state that he was taking his family or the trailer to Arizona.

On September 16, 1986, the Bank commenced a Claim an Delivery action against the appellants, as provided for under § 27-17-101 et seq., MCA. Lisa Swan Semansky, counsel for the Bank, made an ex parte appearance before District Judge Arnold Olsen for Claim and Delivery of the trailer. No notice was given to the Gregoroffs that the Bank was seeking a court ordered delivery.

Because Judge Sullivan was not available, the matter was heard by Judge Olsen. At the request of the Judge, the Motion was presented in the Clerk of Court's office, not in the courtroom, and, therefore, no record was made of the hearing.

The Bank's motion for Claim and Delivery was supported by a bond in an amount double the value of the property, as required by § 27-17-205, MCA. The bond ensures the defendant is protected in the event the seizure is determined to be unlawful. Additionally, Semansky attached to the motion the Bank's complaint and an affidavit of Donna Duffy. The affidavit stated in part:

> 10. Based on information and belief, Gregoroffs are using and living in the 1983 40 Foot Aluma Lite fifth-wheel trailer, Serial No. KR381V29DW002152, and thereby are decreasing its value.
>
> 11. The . . . trailer . . . is decreasing in value by virtue of the fact that such property decreases in value with age.
>
> . . .

3

14. Based on her conversation with Defendant Vernon Gregoroff on September 15th, 1986, when he refused to relinquish possession of the 1983 40 foot Aluma Lite fifth-wheel trailer, this affiant believes that Gregoroffs will take the trailer to Arizona some time within the next week.

Judge Olsen signed the order and the seizure was completed the evening of September 17, 1986, by the Butte-Silver Bow County sheriff. The trailer, which contained most of the Gregoroffs' personal belongings, was taken to Rangitsch Brothers' lot in Missoula.

On October 1, 1986, Gregoroffs filed a motion to quash the order. District Judge Mark Sullivan denied this motion, nearly fourteen months later, on December 31, 1987. The Bank then filed a motion for summary judgment on its complaint January 20, 1988. This motion was granted, and judgment was entered for the Bank on May 18, 1988. Gregoroffs appeal from this judgment.

Gregoroffs raise four issues for review:

1. Does § 27-17-203(2), MCA, violate the due process clause of the Fourteenth Amendment of the United States Constitution?

2. Does § 27-17-203(2), MCA, violate Article II, Section 17 of the Montana Constitution?

3. Did the District Court err in granting its order to seize the property without a hearing in open court as required by the statute?

4. Did the District Court err in granting the order based on a fatally defective affidavit?

4

Issue Nos. 1 and 2

Does § 27-17-203(2), MCA, violate due process guarantees of the United States and Montana Constitutions?

Appellants argue § 27-17-203(2), MCA, is unconstitutional because it allows a court ordered seizure of property without requiring notice of or opportunity for an immediate post-seizure hearing. We disagree.

Section 27-17-203, MCA, provides:

> The sheriff shall make no seizure unless an order from a judge of the court having jurisdiction of the cause is attached to the affidavit. The judge may sign such an order if he is satisfied:
>
> (1) that the party seeking possession of the property has made a prima facie showing of his right to possession and the necessity for seizure at a show cause hearing before him with at least 3 days' notice to the person in possession of the property; if such person cannot be found for personal service, notice posted on the property and in three public places in the county where the property is located is sufficient service for this purpose; or
>
> (2) that the delay caused by notice and a hearing would seriously impair the remedy sought by the party seeking possession. Evidence of such impairment must be presented in open court, and the court must set forth with specificity the reasons why such delay would seriously impair the remedy sought by the person seeking possession.

In Mitchell v. W.T. Grant Co. (1974), 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406, the Supreme Court modified its earlier position that a hearing must always precede a court ordered seizure of property. The Court held that Sniadach v.

5

Family Finance Corp. (1969), 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349, and Fuentes v. Shevin (1972), 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, did not categorically require a pre-seizure hearing in every situation.

> Their import, however, is not so clear as petitioner would have it: they merely stand for the proposition that a hearing must be had before one is finally deprived of his property and do not deal at all with the need for a pre-termination hearing where a full and immediate post-termination hearing is provided. The usual rule has been "[w]here only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate." Phillips v. Commissioner, 283 U.S. 589, 596-597 (1931).

Mitchell, 416 U.S. at 611.

Similar to Louisiana's sequestration procedure outlined in Mitchell, Montana's Claim and Delivery procedure balances and protects the interests of both parties involved in the action. Subsection (2) of § 27-17-203, MCA, is an extraordinary remedy, and we in no way countenance abuse of its provisions. However, we conclude the statutes do provide the constitutional safeguards required by the United States and Montana Constitutions.

A pre-hearing seizure may only be obtained under circumstances which indicate the plaintiff's remedy would be seriously impaired. The plaintiff must swear to facts which support this claim, and must file a bond in an amount double the value of the property to protect the defendant. Additionally, the delivery order can only be obtained from,

6

and under the supervision of, a judge or justice of the peace, not a court clerk or administrative officer. Moreover, Montana's statutes allow the defendant to file a bond to immediately regain possession of the property.

While § 27-17-203(2), MCA, does not provide for a post-seizure hearing, a defendant may immediately apply for a motion to quash the order, which the appellants did in this action. Additionally, under Rule 1, M.R.App.P., a defendant can promptly seek review by this Court of a denial of that motion. Furthermore, as mentioned in Mitchell, a final judicial determination of liability follows the seizure, at which time the defendant can challenge the validity of the Claim and Delivery order.

The appellants knew they had defaulted under the terms of the retail installment contract. The terms of the contract gave the Bank the right to repossess the trailer when the appellants defaulted. Such a property interest distinguishes this case from Fuentes, supra. Furthermore, the appellants were notified by the Bank in writing, and by Duffy in person, that the trailer would be repossessed if a resolution could not be reached. No satisfactory effort to resolve the delinquency was made and, therefore, it came as no surprise to the appellants when the trailer was seized.

As noted in Mitchell, 416 U.S. at 610, "[t]he requirements of due process of law 'are not technical, nor is any particular form of procedure necessary.'" We conclude the substantial rights of the appellants have been protected and that the Claim and Delivery statutes are not unconstitutional.

7

<u>Issue No. 3</u>

Appellants argue the District Court erred because the Bank's attorney met with Judge Olsen, and the order was signed, in the Clerk of Court's office, not in "open court" as required by the statute. While appellants raise a technical argument, the Judge's decision to meet with Semansky and hear the evidence in the Clerk of Court's office does not constitute reversible error.

Subsection (2) of § 27-17-203, MCA, only requires the evidence be presented in open court. It does not require a record of the hearing be made. The "open court" language requires the plaintiff or his attorney be present before the judge or justice when the ex parte motion for Claim and Delivery is made, and prevents the plaintiff from obtaining the order merely upon written application. Judge Olsen was acting in his official, judicial capacity when he heard the evidence and concluded sufficient evidence was present to issue the order.

<u>Issue No. 4</u>

Finally, appellants argue it was error to issue the order based on an affidavit which contained the conclusory allegations of employee Duffy. We again disagree. Section 27-17-201, MCA, requires that an affidavit, by the person claiming the property or someone in his behalf, state:

> (1) facts which establish reasonable belief that the person claiming the property is the owner or is lawfully entitled to possession and that the seizure is necessary to prevent the removal or destruction of the property;
>
> (2) that the property is wrongfully detained by the defendant;

8

(3) that the same has not been taken for a tax, assessment, or fine, pursuant to statute, or seized under an execution or an attachment against the property of the person claiming the property or, if so seized, that it is by statute exempt from seizure; and

(4) a particular description of the property and the actual value of the property.

The affidavit contained these required statements and alleged two grounds for a Claim and Delivery order: that the trailer was depreciating by the appellants' daily use of the trailer, and that Gregoroff's employer had just completed work in Butte, Montana and was beginning another job in Arizona within the next week. While mere depreciation was not the type of serious impairment contemplated by the statute, threat of removal of the property from the jurisdiction does satisfy that requirement.

The statutes require the judge be satisfied by the evidence that the delay caused by a hearing would seriously impair the remedy sought. As disclosed by the Claim and Delivery order, Judge Olsen found that a delay would seriously impair the remedy.

Evidence indicates that Defendant Vernon T. Gregoroff is employed by Acme Cement and Concrete of Spokane, Washington. The job that Acme Cement and Concrete was doing in Butte, Montana ended the week of September 15th, 1986. Acme Cement and Concrete will begin a new job in Arizona. Defendant Vernon T. Gregoroff will continue to be employed by Acme Cement and Concrete in Arizona. Since Vernon T. Gregoroff and Luanne Gregoroff live in the property described in Exhibit "A", they will be moving the property described in Exhibit "A" to Arizona.

> Removing the property described in Exhibit "A" to Arizona would preclude Plaintiff from recovering possession of the property described in Exhibit "A".

Judge Olsen subsequently submitted two affidavits which express his understanding of the procedures of this case. The first affidavit states he signed the order without any hearing. The second affidavit states he signed the order because sufficient evidence was presented which satisfied him "that any delay caused by notice and a hearing would seriously impair repossession of the trailer by plaintiff-claimant in this case." We conclude Duffy's affidavit, supported by the verified complaint presented sufficient evidence to enable the Judge to conclude that notice and delay would seriously impair the Bank's remedy of repossession.

Finally, we recognize a problem in the judgment. The judgment states the Bank is entitled to recover $16,058.67 plus legal interest and costs, but it does not account for the value of the trailer which has been seized. It is not disputed that the Bank is not entitled to both the trailer and its value. Section 27-17-401, MCA, entitles a plaintiff to judgment for possession of the property (or the value of the property if delivery cannot be had). Since the Bank is now in possession of the trailer, it is not also entitled to its value. Additionally, while the order and judgment mentions attorney's fees in the amount of $10,000.85, it apparently only entitles the Bank to the value of the trailer, legal interest and costs, but no attorney's fees. However, we do not rule on this issue, but point out that, in any case, the contract does limit attorney's fees to 15% of the amount owed.

10

We affirm, but remand this case to the District Court to clarify its judgment on these points accordingly.

_John Conway Harrison_
Justice

We concur:

_J. A. Turnage_
Chief Justice

_R. C. Gulbrandson_

_John C. Sheehy_

Justices