No. 89-175

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

BRUCE A. YOUNG and SHERI D. YOUNG, husband & wife;
LEO B. EVANS and LONA LEE EVANS, husband & wife,
RUTH E. PALMER,

          Plaintiffs,

    -vs-

FLATHEAD COUNTY, a body corporate; FLATHEAD
COUNTY BOARD OF COMMISSIONERS, a body politic;
NAKUL S. VERMA, FLATHEAD COUNTY ZONING ADMINIS-
TRATOR,

          Defendants and Respondents,

    and
ALBERT SEELEY, WEST CENTRAL RESOURCES, INC., R.C.
LEE & ASSOCIATES, INC., TRI-FORTUNE INVESTMENTS, INC.,
EARLY BIRD INVESTMENTS, LTD., and EARLY BIRD PROPERTIES,
INC.,

          Cross Claimants and Appellants,

    and
HENRY OLDENBURG, Crossclaim Defendant and Intervenor.

APPEAL FROM: District Court of the Eleventh Judicial District,
            In and for the County of Flathead,
            The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:
        Lawrence F. Daly; Garlington, Lohn & Robinson, Missoula,
        Montana

    For Respondent:
        Ted O. Lympus, Flathead County Attorney; Jonathan B.
        Smith, Deputy, Kalispell, Montana

Submitted on Briefs: Aug. 17, 1989

Decided: February 6, 1990

Filed:

_Clerk_

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This is the second appeal of a case involving a condominium development on Flathead Lake known as the Caroline Point Estates & Yacht Club. The first appeal is reported as Young v. Flathead County (Mont. 1988), 757 P.2d 772, 45 St.Rep. 1047 (Young I). In Young I, defendant, Flathead County, appealed from a judgment of the Eleventh Judicial District Court, Flathead County, in favor of defendants-intervenors, Albert Seely, West Central Resources, Inc., R. C. Lee & Associates, Inc., Tri-Fortune Investments, Inc., Early Bird Investments, Ltd. and Early Bird Properties, Inc. (Developers). We reversed and remanded for further proceedings. On remand, the District Court denied the Developers' motion for an evidentiary hearing and entered judgment in favor of the County. The Developers appeal. We affirm.

The following issues are raised on appeal:

1. Whether, on remand, the District Court erred in refusing to conduct an evidentiary hearing on the issue of proximate cause.

2. Whether, on remand, the District Court erred in refusing to conduct an evidentiary hearing on the issue of justifiable reliance.

3. Whether, on remand, the District Court erred in denying the Developers' motion to reinstate the original judge following his withdrawal from the case.

In Young I, landowners adjacent to the Caroline Point condominiums filed a complaint against the County, challenging the procedures followed in developing the project. The Developers intervened in the suit and filed a cross-claim against the County, alleging that they justifiably relied upon representations made by the County that the regulations applying to subdivision development did not apply to the Caroline Point project. The Developers

2

further claimed that, after they acted in reliance upon the representations made by the County, the County arbitrarily and capriciously prohibited further development, which resulted in financial damages.

The District Court granted summary judgment to the Developers, holding that they justifiably relied upon the County's representations and that they were entitled to damages proximately caused by their reliance. Following a trial, the District Court awarded damages in excess of $2,000,000. The County appealed.

On appeal, we overturned the District Court's money judgment in favor of the Developers because 1) the District Court erroneously excluded relevant evidence offered by the County on the issue of proximate cause; 2) the Developers failed to prove that the County's representations were the sole proximate cause of their damages; and 3) the District Court erroneously concluded that the Developers justifiably relied on representations made by the County that the condominium project was not subject to subdivision regulations. We reversed and remanded "for further proceedings consistent with this opinion." Young I, 757 P.2d at 779, 45 St.Rep. at 1055.

After remittitur, the Developers moved the District Court to schedule a hearing for the purpose of receiving additional evidence on the issues of proximate cause and justifiable reliance. The County, in turn, moved the court to substitute the presiding judge under § 3-1-804(g), MCA, or, in the alternative, to enter judgment in favor of the County on the Developers' claim for damages.

By order dated July 13, 1988, Judge Jack L. Green withdrew from jurisdiction and, on August 8, 1988, Judge Michael H. Keedy assumed jurisdiction. The Developers then filed motions for reinstatement of Judge Green or, in the alternative, for substitution of Judge Keedy. Judge Keedy denied the motion for reinstatement but granted the motion for substitution, withdrawing from the case on December 13, 1988. Judge Thomas A. Olson assumed jurisdiction the following day.

3

On February 13, 1989, a hearing was held on the Developers' earlier motion for an evidentiary hearing and the County's motion for entry of judgment in its favor. On March 2, 1989, the District Court entered judgment for the County, holding that, based upon our Opinion in _Young I_, the County did not proximately cause any damages to the Developers and that the Developers did not justifiably rely on the County's opinion regarding whether the condominium project was a subdivision subject to review. From this judgment, the Developers appeal.

The Developers first argue that our decision in _Young I_ required the District Court on remand to conduct an evidentiary hearing to allow the admission of the County's erroneously excluded evidence as well as any rebuttal thereto by the Developers and then, after the hearing, to make a new determination of whether the County proximately caused damages to the Developers. A careful reading of _Young I_, however, demonstrates that our direction to "remand for further proceedings consistent with this Opinion" did not require the District Court to conduct additional evidentiary hearings as argued by the Developers.

In _Young I_, we gave two separate and independent grounds for holding that the District Court erred in finding that the County had proximately caused the Developers' damages. First, we stated that the Court erroneously excluded evidence offered by the County that was pertinent to the issue of proximate cause. Had this been the only reason for our reversal on the proximate cause issue, a new trial would indeed have been warranted.

We did not, however, rest our determination of the proximate cause issue on this one reason alone. We went on to state:

> Further, since other factors--the economy, failure to
> secure additional financing, and especially the inability
> to secure approval of the sewage system--had an impact
> on the resulting damage, Developers cannot claim the
> County's representations alone "proximately caused" the
> damage. Where more than one possible cause of damage
> appears, the plaintiff must eliminate causes other than
> those for which the defendant is responsible. [Citation
> omitted.] Developers' failure to separate the causes and
> damage bars them from arguing proximate cause is

4

> satisfied in this case. Numerous interruptions in the
> chain of events occurred that could be considered the
> injury causing damage. (Emphasis added.)

Young I, 757 P.2d at 777-78, 45 St.Rep. at 1053-54.

The Developers failed to prove their case on the issue of proximate cause by failing to eliminate those causes that, through no fault of the County, may have contributed to their damages. Unlike the County, which may have been prejudiced by the court's erroneous exclusion of evidence, the Developers had a full and fair opportunity to introduce all evidence on its behalf relating to the issue of proximate cause. The Developers' failure to separate the causes and damages must be attributed to an inability to prove that the County was the sole cause of their damages. Remand for a further hearing to allow the Developers to attempt to prove what they could not in the first instance was therefore unnecessary. First Bank (N.A.)-Billings v. Clark (Mont. 1989), 771 P.2d 84, 92, 46 St.Rep. 291, 300.

The Developers next argue that our disposition of Young I required the District Court on remand to conduct an evidentiary hearing on the issue of justifiable reliance. Once again, we do not agree that Young I so directed the District Court.

In the opinion, we stated:

> The County appropriately points out that Developers were
> relying on an interpretation of law, an opinion, that the
> condominiums would not be subject to subdivision review.
> The County Attorney's office maintained no confidential
> or professional relationship with Developers in this
> case. Therefore, the County's opinion--in light of the
> State's determination that subdivision review would be
> required set out in the letter of December 18, 1980; the
> fact that Developers were represented by their own
> counsel; the existence of the above-mentioned statutes

5

and the actual opposition to the lack of subdivision review that was expressed by opponents of the project who ultimately filed this suit--was unreasonably relied upon by Developers.

Young I, 757 P.2d at 779, 45 St.Rep. at 1055.

Thus, we held as a matter of law that the Developers did not justifiably rely on the representations made by the County. Having determined this question as a matter of law, a further evidentiary hearing on the matter would have been futile.

Finally, the Developers argue that the District Court erred in denying their motion to reinstate the original judge following his withdrawal from the case. We do not agree.

Following entry of remittitur, the County moved the District Court to substitute Judge Green, the original judge, under § 3-1-804(g), MCA, or in the alternative, to enter judgment in favor of the County. At that time, the substitution statute read as follows:

> When a new trial is ordered in any case, whether by order of the district court or the supreme court, each adverse party shall be entitled to one additional motion for substitution of judge in the manner provided herein. Such motion must be filed, with the required filing fee, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur has been filed with the district court clerk. No right of further substitution shall arise in cases remanded by the supreme court which call for additional hearings, but not a new trial. (Emphasis added.)

Section 3-1-804(g), MCA (1987).

Apparently, the original judge interpreted our disposition in Young I as a direction to conduct a new trial and, therefore, withdrew from the case. As we noted earlier in this Opinion, our

6

disposition did not require further evidentiary hearings, nor did it require a new trial. Consequently, the original judge's withdrawal from the case on remand was unnecessary.

Any error that may have been committed by the original judge's withdrawal was cured by subsequent amendments to the substitution statute. By order dated September 13, 1988, the statute was amended as follows:

> When a new trial is ordered by the district court, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. When on appeal the judgment or order appealed from is reversed or modified and the cause is remanded to the district court for a new trial, or when a summary judgment or judgment of dismissal is reversed and the cause remanded, each adverse party shall thereupon be entitled to one motion for substitution of judge in the manner provided herein. Such motion must be filed, with the required filing fee in civil cases, within twenty (20) days after a new trial has been ordered by the district court or after the remittitur from the supreme court has been filed with the district court. No other right of further substitution shall arise in cases remanded by the supreme court. In criminal cases, no further right of substitution shall arise when the cause is remanded for resentencing. (Emphasis added.)

Section 3-1-804(g), MCA.

The amended statute allows the parties to move for substitution of the presiding judge when this Court reverses and remands an order of summary judgment. As the appeal in Young I dealt in part with the reversal of a summary judgment order, the amended statute entitled the County to move for the withdrawal and substitution of the original judge. Although the amendments were made after the withdrawal of the original judge, the order amending the statute specifically provided that the effective date of the

7

rules of substitution would continue to be September 1, 1987, thereby making the amendments retroactive to that date. As the amendments cured any error caused by the original judge's withdrawal, the subsequent judge did not err when, in December, 1988, he denied the Developers' motion for reinstatement of the original judge.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8