No. 95-009

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

IN RE THE MARRIAGE OF

PATRICIA HALSE NORDBERG,

     Petitioner and Appellant,

  and

DEAN V. NORDBERG,

     Respondent and Cross-Appellant.

FILED

JUN 0 1 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Brenda R. Cole, Swandal, Douglass, Frazier & Cole,
Livingston, Montana

    For Respondent:

        W. G. Gilbert, Jr., and W. G. Gilbert III,
Attorneys at Law, Dillon, Montana

Submitted on Briefs:  April 27, 1995

Decided:  June 1, 1995

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The parties appeal and cross-appeal an order of the District Court for the Fifth Judicial District, Madison County. In that order, the court entered judgment for a sum due and owing based upon a previous decree of dissolution of marriage. We reverse and remand.

The dispositive question is whether the District Court denied Dean V. Nordberg due process by entering judgment after an "informal scheduling conference." Because we answer that question in the affirmative, we do not reach the issues of whether Patricia Halse Nordberg should have been awarded interest on the judgment and costs of a previous appeal or whether the court erred in failing to enforce portions of the 1987 judgment in favor of Dean.

The parties married each other twice. Their first marriage was dissolved in 1987. The 1987 decree of dissolution incorporated a property settlement agreement requiring Dean to pay Patricia $25,000 one year from the date of the agreement and $25,000 two years from the date of the agreement, for her interest in ranch assets acquired during the marriage.

Five months after their 1987 dissolution, Dean and Patricia remarried. Their second marriage was dissolved in 1993. As part of the second decree of dissolution, the District Court declared null and void the judgment entered in the 1987 dissolution.

Patricia appealed the second decree of dissolution. In re Marriage of Nordberg (1994), 265 Mont. 352, 877 P.2d 987. This Court reversed, and remanded to the District Court to reinstate the

1987 judgment and for further proceedings to determine the balance Dean owed Patricia under that judgment. <u>Nordberg</u>, 877 P.2d at 992.

Patricia then filed with the District Court a Memorandum of Costs and Disbursements for the appeal. Dean objected and filed a Motion to Re-tax Costs.

In an October 18, 1994 order, the court set up a conference call. The order stated, in its entirety:

> The Court hereby schedules a Court - counsel conference to address the format for the disposition of all pending mattes [sic] in this cause for **Tuesday, November 8, 1994 at 1:30 pm**.

> The conference shall be by telephone to the Dillon office of the Judge (406/683-5841), the call to be initiated by counsel for PATRICIA.

> DATED this 18 of October, 1994.

> /s/ Frank M. Davis
> District Judge

COMMENT

> The Court notes that November 8th is Election day, but there is no reason that an informal scheduling conference cannot be conducted on that day after Court and counsel have discharged their civic duty at the polls.

> Since this case seems destined to go on in perpetuity, at what must be a staggering cost, the Court makes this one last appeal for compromise and settlement. The alternative is recusal and a new judge. If this occurs then the case will be prolonged for months, perhaps years.

> I'm perplexed that one or both parties didn't timely substitute me after remand! In any case voluntary recusal is now the only option, but we will discuss it on Election day.

> /s/ Frank M. Davis

3

During the November 8 conference call, the court apparently asked Patricia to submit her calculation of the amount still due on Dean's obligation to her under the 1987 judgment. The calculation which Patricia subsequently submitted showed that as of November 8, 1994, Dean owed her $12,406.84 in judgment monies and accrued interest. Patricia provided a copy of her calculation to Dean's counsel.

On November 14, 1994, without holding any further proceedings, the court granted Patricia a money judgment against Dean, "in the amount of $10,000, with interest thereon at the legal rate from this date." The court stayed execution of the judgment for six days to allow Dean the opportunity to appeal, and ordered that each party would be responsible for its own costs. The Court denied Patricia's memorandum of costs.

Patricia appeals and Dean cross-appeals.

Did the District Court deny Dean due process by entering judgment after an "informal scheduling conference"?

Dean maintains he has made payments toward the 1987 judgment which were not included in Patricia's calculations. He points out that he was not allowed an opportunity to present evidence on this subject before the court issued its November 14, 1994 order.

No person shall be deprived of property without due process of law. Art. II, Section 17, Mont. Const.

> "Due process of law" refers to and means certain funda-
> mental rights which our system of jurisprudence has
> always recognized, that is, of requiring notice to be

given and a hearing had before property may be taken, or impressed with a lien[.]

Great Northern Railway Co. v. Roosevelt County (1958), 134 Mont. 355, 362, 332 P.2d 501, 505.

The judgment entered against Dean on November 14, 1994, created a lien against his non-exempt Madison County property. See § 25-9-301(2), MCA. Therefore, we conclude that due process entitled him to notice and a hearing prior to entry of that judgment.

Even if we were to construe the November 8 telephone conference call as a hearing for purposes of due process, the October 18 order set forth above did not provide notice that the conference call might result in a lien against Dean's property. In no way did it provide notice that Dean should prepare to set forth, during the conference call, evidence of his payments on the 1987 judgment.

Patricia argues that calculation of the amount Dean owed her under the 1987 decree of dissolution may be accomplished simply by looking at the record, so that no hearing was required. She cites Young v. Flathead County (1990), 241 Mont. 223, 786 P.2d 658, for the proposition that a district court is not required to conduct an evidentiary hearing in a matter remanded from this Court. The principle set forth in Young was not that broad. This Court's holding in Young was that given the terms under which that case was remanded, no further evidentiary hearing was required. Young, 786 P.2d at 661.

Patricia contends that, on remand, the District Court was precluded from considering payments which Dean asserts went toward

5

the 1987 judgment. Her contention is apparently based upon this Court's statement that "according to the record, Dean still owes for this [1987] judgment." Nordberg, 877 P.2d at 990.

The record before this Court on the first appeal did not establish that the 1987 judgment had been satisfied. Although the amount due from Dean to Patricia under that judgment was a matter of record, over seven years had passed between the entry of judgment and the November 8, 1994 conference call. It was undisputed that some payment had been made in the interim. We directed "further proceedings to determine the balance owed to Patricia from the judgment." Nordberg, 877 P.2d at 992. The amount remaining due on the 1987 judgment was clearly a subject upon which the court should obtain evidence, given the terms under which this case was remanded.

Dean was not given any opportunity to respond to Patricia's calculation of the amount remaining due on the 1987 judgment. We conclude that due process required that Dean be given notice and an opportunity to present evidence of his payments toward the 1987 judgment before a new judgment was entered against him.

We reverse and remand this action for further proceedings consistent with this opinion.

Chief Justice

We concur:

_William E Hunter_

_[signature]_

_Tom/Trieweiler_

_W. William Leaphart_
Justices

7