DA 07-0280

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 111

YELLOWSTONE FEDERAL CREDIT UNION,

 Plaintiff and Appellee,

v.

NATE DANIELS,

 Defendant and Appellant.

APPEAL FROM: District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 06-175
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

 For Appellant:

  D. Michael Eakin, Jennifer Beardsley and Kristin West, Montana Legal Services Association, Billings, Montana

 For Appellee:

  Brenda R. Gilbert, Swandal, Douglass & Gilbert, Livingston, Montana

Submitted on Briefs: January 30, 2008

Decided: April 1, 2008

Filed:

_____
      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Nate Daniels (Daniels) appeals from an order of the Sixth Judicial District, Park County, denying his motion to quash attachment. We reverse.

¶2    Daniels presents the following issues for review:

¶3    Whether the District Court properly denied Daniels's motion to quash attachment for failure to comply strictly with §§ 27-17-101, et seq., MCA.

¶4    Whether the repossession statute, § 30-9A-609, MCA, violates Daniels's due process rights as applied in this case.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5    Daniels entered into a loan agreement with Yellowstone Federal Credit Union (Credit Union) in November 2006. The loan agreement consolidated several previous loans from the Credit Union to Daniels. Daniels provided the Credit Union with a security interest in a backhoe, a tractor, and a dump truck to secure the loan. Daniels missed several monthly payments, but he had brought the loan current by July 2006. Daniels requested another loan in August 2006 in order to repair damage to the collateral. The Credit Union refused his request for a second loan. The Credit Union also declared Daniels's account to be in default in light of his history of late payment and his representation that the collateral had decreased in value. The Credit Union accelerated the balance due, a total of $9,826.91, pursuant to the terms of the loan agreement.

¶6    Daniels disputed the Credit Union's decision to accelerate the balance due. He also refused to allow the Credit Union to repossess the collateral. The Credit Union petitioned the District Court for a writ in aid of repossession to recover the collateral. The Credit Union

claimed that § 30-9A-609, MCA, entitled it to repossess under a contract theory. The Credit Union never informed Daniels of the filing.

¶7    The District Court issued the writ ex parte on January 20, 2007, without scheduling a hearing on the matter. The writ entitled Daniels to recover the collateral by undertaking at least two sureties sufficient to satisfy his $9,826.91 debt. The writ also entitled the Credit Union to sell the collateral if Daniels had not undertaken the required sureties within two weeks of the date of the order. The Credit Union repossessed the collateral and served Daniels with the writ, a complaint, and summons on February 8, 2007.

¶8    Daniels filed a motion on February 12, 2007, to quash the writ. Daniels argued that the District Court improperly had issued the writ in light of the fact that the court failed to allow Daniels to recover his property by posting bond. Daniels also argued that the writ issued by the court did not set a hearing date. Daniels further contended that the Credit Union never served him with a notice of seizure. Daniels also argued that the writ's alleged defects violated his right to due process and failed to comply with § 27-18-101, et seq., MCA, governing prejudgment attachments.

¶9    The Credit Union continued to press its contract theory pursuant to § 30-9A-609, MCA. It contended that the writ constituted a writ in aid of repossession, rather than a prejudgment writ, and that it had satisfied the statutory repossession procedures under § 30-9A-609, MCA. The Credit Union asserted, however, that the writ had complied with § 27-18-101, MCA, even if the District Court had in fact issued a writ of prejudgment attachment rather than a writ in aid of possession. The Credit Union argued that Daniels's due process

3

claims were unfounded as Daniels had agreed affirmatively to the repossession procedures through the loan agreement.

¶10   The District Court denied Daniels's motion to quash after a hearing. The District Court reasoned that Daniels had defaulted on his loan by failing to keep the collateral in good repair. The court deemed the writ to be a writ in aid of repossession and that its judicial intervention had satisfied § 30-9A-609, MCA. The court decided that the actual method of repossession, including the issuance of the writ and giving Daniels the opportunity to post bond, sufficiently protected Daniels's rights. The District Court concluded that the Credit Union could proceed with a commercially reasonable sale of the collateral. Daniels appeals.

**STANDARD OF REVIEW**

¶11   We review for correctness a district court's interpretation and application of a statute. *State v. Bullman*, 2007 MT 288, ¶ 7, 339 Mont. 461, ¶ 7, 171 P.3d 681, ¶ 7.

**DISCUSSION**

¶12   *Whether the District Court properly denied Daniels's motion to quash attachment for failure to comply strictly with §§ 27-17-101, et seq., MCA.*

¶13   We must address several preliminary issues before we can reach the question of whether the repossession process complied with the statute. We first must determine whether the District Court applied the correct statute when it issued the writ in aid of repossession and denied Daniels's motion to quash. If the District Court did not apply the

4

correct statute, we next must decide which statute actually applies under these circumstances. We finally must determine whether the repossession procedures complied with the statute.

I.

¶14 The District Court relied on § 30-9A-609, MCA, to determine that it properly had intervened, and that it had afforded Daniels sufficient process to protect his rights. The court did not address Daniels's claims that the Credit Union and the court did not follow the specific procedures for repossession provided by §§ 27-17-101, et seq., MCA. The parties have extensively briefed on appeal, however, whether the District Court properly issued the writ in aid of repossession pursuant to § 30-9A-609, MCA, §§ 27-17-101, et seq., MCA, and §§ 27-18-101, et seq., MCA.

¶15 Section 30-9A-609, MCA, a section of the Uniform Commercial Code, governs a secured party's right to take possession after default. Section 30-9A-609, MCA, provides that a secured party may take possession of collateral after default either "pursuant to judicial process," or without judicial process if the secured party proceeds without breaching the peace. Daniels's refusal to allow the repossession to proceed peacefully precluded the Credit Union from proceeding without judicial process pursuant to the statute. The Credit Union points out that neither § 30-9A-609, MCA, nor its official comments, elaborate on the form of judicial process intended or required. The Credit Union argues that this omission dictates that the statute requires no specific judicial process. As a result, the Credit Union suggests that the court did not err by failing to apply either of the applicable process statutes, §§ 27-17-101, et seq., MCA, or 27-18-101, et seq., MCA. Sections 27-17-101, et seq., MCA,

5

govern claim and delivery of personal property. Sections 27-18-101, et seq., MCA, govern prejudgment attachment.

¶16 These process statutes require specific, systematic judicial procedures for plaintiffs seeking to recover property, including secured parties seeking to recover collateral upon default. Both statutes require the plaintiff to set forth in an affidavit specific facts that entitle the plaintiff to the property in question and demonstrate that the district court would be authorized to order repossession. Sections 27-17-201, 27-18-202, and 27-18-203, MCA. Both statutes provide that the court must require the plaintiff to submit a written undertaking for an amount sufficient to reimburse the defendant if the plaintiff's claim fails. Sections 27-17-205 and 27-18-204, MCA. Both statutes also require the plaintiff to make a prima facie showing of the plaintiff's right to possession at a show cause hearing with at least three days' notice to the defendant. Sections 27-17-203(1) and 27-18-205(3)(b)(i), MCA. The statutes allow the plaintiff to forego notice to the defendant if the delay would impair the remedy, as long as the plaintiff presents evidence of the impairment in open court. Sections 27-17-203(2) and 27-18-205(3)(b)(ii), MCA.

¶17 The statutes' prescriptions are not permissive. The statutes set forth the steps that the plaintiff must undertake, and what actions the district court must require of the parties, in order to seize property, including when a secured party seeks to repossess collateral upon default. Sections 27-17-101, et seq., and 27-18-101, et seq., MCA. The Credit Union's interpretation of § 30-9A-609, MCA, as requiring no specific judicial process in order to repossess pursuant to a contract, conflicts with both §§ 27-17-101, et seq., MCA, and 27-18-

6

101, et seq., MCA. This interpretation renders irrelevant the required judicial processes provided by the claim and delivery statute and the prejudgment attachment statute in the context of repossessions.

¶18 We will not construe a statute to "insert what has been omitted or to omit what has been inserted," but, "[w]here there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all." Section 1-2-101, MCA. This Court has held that we must harmonize statutes relating to the same subject, as much as possible, giving effect to each. *Oster v. Valley County*, 2006 MT 180, ¶ 17, 333 Mont. 76, ¶ 17, 140 P.3d 1079, ¶ 17. More specific statutes prevail over general provisions of law. *Oster*, ¶ 17.

¶19 Section 30-9A-609, MCA, harmonizes easily with the claim and delivery statute and the prejudgment attachment statute. As the Credit Union points out, neither § 30-9A-609, MCA, nor its official comments, elaborate on the form of judicial process that the statute intends or requires. Section 30-9A-609, MCA, simply provides that a secured party may take possession of collateral after default "pursuant to judicial process." The claim and delivery statute and the prejudgment attachment statute provide, however, for particular, systematic judicial processes in a variety of circumstances, including when a secured party seeks to take possession of collateral after default.

¶20 The claim and delivery statute and the prejudgment attachment statute constitute more specific statutory provisions than the general provision contained in § 30-9A-609, MCA, that requires mere "judicial process." *Oster*, ¶ 17. Applying the claim and delivery statute and the prejudgment attachment statute to repossessions arising under § 30-9A-609, MCA,

7

construes each statute in such a way as to give effect to all. Section 1-2-101, MCA. Section 30-9A-609, MCA, enables secured parties to recover upon default pursuant to a contract theory. The claim and delivery statute and the prejudgment attachment statute, in turn, entitle defendants to specific, systematic judicial processes before a court may divest them of their property. We determine that secured parties seeking to repossess collateral after default pursuant to § 30-9A-609, MCA, must follow the specific, systematic judicial procedures provided in either the claim and delivery statute or the prejudgment attachment statute, if applicable.

II.

¶21 We next must determine which statute the Credit Union and the District Court should have applied. Daniels argues on appeal that both §§ 27-17-101, et seq., and 27-18-101, et seq., MCA, apply to this case. The claim and delivery statute applies to all actions to recover possession of personal property. Section 27-17-101, MCA. The prejudgment attachment statute governs property included in a contract for direct payment where the contract is either (1) not secured by a mortgage or lien upon real property; or (2) originally was secured and such security has, without any act of the plaintiff or the person to whom the security was given, become valueless. Section 27-18-101(a)(i)-(ii), MCA.

¶22 The Credit Union argues that the prejudgment attachment statute cannot apply because it excludes circumstances where a lien on real property exists. Real property includes land, that which is affixed to land, that which is incidental or appurtenant to land, and that which is immovable by law. Section 70-1-106, MCA. The Credit Union's

8

argument incorrectly categorizes the collateral in this case, a backhoe, dump truck, and a tractor, as real property. Nothing precluded the District Court from applying the prejudgment attachment statute under these circumstances where a lien on *personal property* exists. Sections 27-18-101, et seq., MCA.

¶23 The parties did not argue in the District Court, however, whether the prejudgment attachment statute applies. This Court generally will not address issues that were not raised before the district court. *Owens v. Montana Dept. of Revenue*, 2007 MT 298, ¶ 2, 340 Mont. 48, ¶ 2, 172 P.3d 1227, ¶ 2. We refuse to analyze whether the writ in aid of repossession complied with the prejudgment attachment statute in light of the fact that the parties did not raise it before the District Court. We instead will apply the claim and delivery statute as raised by Daniels in his motion to quash. The claim and delivery statute applies in all actions to recover possession of personal property. Section 27-17-101, MCA.

III.

¶24 Daniels argues that the Credit Union failed in several ways to comply with §§ 27-17-101, et seq., MCA. Daniels alleges that the Credit Union failed to provide a written undertaking pursuant to § 27-17-205, MCA. He asserts that the Credit Union failed to present evidence supporting the ex parte writ in open court in violation of § 27-17-203(2), MCA. Daniels claims that the District Court violated § 27-17-308, MCA, when it failed to transfer the property to the sheriff for five days before delivery. Daniels finally alleges that the District Court failed to comply with § 27-17-402, MCA, when it ordered that the Credit Union be permitted to sell the property before a final judgment.

9

¶25 The Credit Union contends that the judicial process provided to Daniels surpassed the statutory protections afforded Daniels under the claim and delivery statute although it may not have complied strictly with the claim and delivery statute. The Credit Union cites *First Bank Western Montana v. Gregoroff*, 236 Mont. 345, 770 P.2d 512 (1989). *Gregoroff* concerned a bank's efforts to repossess the Gregoroffs' fifth-wheel trailer. *Gregoroff*, 236 Mont. at 346-47, 770 P.2d at 513. The bank repossessed the trailer pursuant to the claim and delivery statute. *Gregoroff*, 236 Mont. at 347, 770 P.2d at 513-14. The Gregoroffs challenged the bank's and the district court's compliance with the statute and argued that the statute itself violated their due process rights. *Gregoroff*, 236 Mont. at 348, 770 P.2d at 514. The Court determined that the bank sufficiently had complied with the statute, and that the statute's procedures regarding judicial involvement did not violate the Gregoroffs' due process rights. *Gregoroff*, 236 Mont. at 350-51, 770 P.2d at 515-16.

¶26 The Credit Union relies on the Court's pronouncement in *Gregoroff* that "the requirements of due process of law are not technical, nor is any particular form of procedure necessary." *Gregoroff*, 236 Mont. at 350, 770 P.2d at 515 (internal citation and quotation marks omitted). The Credit Union notes that the writ in aid of repossession allowed Daniels two weeks from the court's order to post bond to prevent sale of the equipment. The court ultimately extended this deadline by nearly a month. The statute requires no such protections. The Credit Union also points out that Daniels enjoyed a total of almost six months, from the time they notified Daniels of his default until the end of the period in which he could post the bond, in which to pay the accelerated loan obligation and avoid

10

repossession. The Credit Union finally contends that Daniels had the opportunity to present testimony and evidence regarding substantive issues surrounding the writ in aid of repossession during the hearing on his motion to quash. The statute requires no hearing.

¶27 The Credit Union overstates the notion that *Gregoroff* absolved creditors seeking relief pursuant to the claim and delivery statute from complying with the letter of the statute. The Court stated that "the requirements of due process of law are not technical, nor is any particular form of procedure necessary" only in the context of the Gregoroffs' argument that the statute's failure to provide for a post-seizure hearing violated their due process rights. *Gregoroff*, 236 Mont. at 350, 770 P.2d at 515 (internal citation and quotation marks omitted). As for the Court's treatment of the plaintiff's compliance with the claim and delivery statute, the Court carefully analyzed the plaintiff's compliance with each statutory provision upon which the Gregoroffs based their appeal. *Gregoroff*, 236 Mont. at 350-52, 770 P.2d at 515-16. Contrary to the Credit Union's assertion that *Gregoroff* renders the strictures of the claim and delivery statute malleable, district courts and plaintiffs seeking relief under the claim and delivery statute must strictly comply with its provisions.

¶28 The U.S. Supreme Court has recognized that due process protections attach to more than just permanent deprivation of real property. These protections also attach to personal property, and "even the temporary or partial impairments to property rights that attachments, liens, and similar encumbrances entail. . . ." *Connecticut v. Doehr*, 501 U.S. 1, 12, 111 S. Ct. 2105, 2113 (1991). The Montana Constitution provides that "[n]o person shall be deprived of life, liberty, or property without due process of law." Mont. Const. Art. II, § 17. The

Court has stated that "'[d]ue process of law' refers to and means certain fundamental rights which our system of jurisprudence has always recognized, that is, of requiring notice to be given and a hearing had before property may be taken. . . ." *In re Marriage of Nordberg*, 271 Mont. 328, 331, 896 P.2d 447, 449 (1995).

¶29 We have held, in the context of tax deed sales, that where a property owner's fundamental interests are at stake, "such proceedings demand punctilious compliance with all statutory and procedural requirements." *Isern v. Summerfield*, 1998 MT 45, ¶ 10, 287 Mont. 461, ¶ 10, 956 P.2d 28, ¶ 10. The property interests at stake when a plaintiff seeks to recover property from a defendant pursuant to the claim and delivery statute represent fundamental interests to which due process protections apply. *Doehr*, 501 U.S. at 12, 111 S. Ct. at 2113; *In re Nordberg*, 271 Mont. at 331, 896 P.2d at 449. We determine that a plaintiff seeking relief pursuant to the claim and delivery statutes must comply strictly with all statutory and procedural requirements before it may effect repossession of a defendant's property.

¶30 The Credit Union and the District Court did not comply strictly with §§ 27-17-101, et seq., during the proceedings to repossess Daniels's tractor, dump truck, and backhoe. The Credit Union admittedly did not present the evidence supporting its ex parte writ in open court, in violation of § 27-17-203(2), MCA. It submitted an affidavit. The District Court did not transfer the collateral to the sheriff for five days before delivery after issuing the writ, in violation of § 27-17-308, MCA. The District Court violated § 27-17-402, MCA, when it ordered that the Credit Union be permitted to sell the collateral before a final judgment had

issued, when the Credit Union had a statutory duty to keep the property in good condition pending a final judgment. The Credit Union's failure to comply strictly with §§ 27-17-101, et seq., MCA, during the repossession of Daniels's property renders the seizure void.

¶31    *Whether the repossession statute, § 30-9A-609, MCA, violates Daniels's due process rights as applied in this case.*

¶32    Daniels urges that § 30-9A-609, MCA, violates his right to due process to the extent that it allows a creditor to obtain a judicial writ to repossess without providing the debtor notice or opportunity to be heard. We need not address Daniels's constitutional challenges to the statute in light of our decision.

¶33    We reverse.

/S/ BRIAN MORRIS


We Concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART