JUSTICE WARNER
dissents.
¶26 I dissent. As Gribble did not file a homestead exemption, as required by statute, the property in question is an asset as described in the UFTA.
¶27 I agree with the Court that because the Credit Union did not rebut Gribble’s claim that the property was his residence, there is no material issue of fact, and summary judgment is appropriate.
¶28 I disagree with the Court’s legal conclusion that the property is not an asset under the UFTA as it is generally exempt from execution. Section 31-2-328, MCA, provides:
(2) “Asset” means property of a debtor, but the term does not include:
(b) property to the extent it is generally exempt under nonbankruptcy law;
¶29 Section 70-32-105, MCA, relating to the protection of a homestead from execution, provides:
The person selecting a homestead must execute and acknowledge, in the same manner as a grant of real property is acknowledged, *263 a declaration of homestead and file the same for record.
¶30 This Court is to harmonize statutes as much as possible, giving effect to each of them. Yellowstone Federal Credit Union v. Daniels, 2008 MT 111, ¶ 18, 342 Mont. 451, 181 Mont. 595; §1-2-101, MCA. It is not appropriate to look primarily at one statute and relegate another to a secondary status, as the Court does at ¶ 19. Sections 31-2-328 and 70-32-105, MCA, are not in conflict. The property in question is an asset of Gribble and it is not generally exempt-it is not exempt at all, unless and until he selects it as a homestead. He did not do so. The Court’s decision today renders §70-32-105, MCA, meaningless.
¶31 I would reverse and remand for a trial on whether the transfer from Gribble to Wratislaw was fraudulent under the UFTA. I dissent.