No. 98-060

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 234

STATE OF MONTANA,

Plaintiff and Respondent,

v.

ARLAN KOEHN,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Russell C. Fagg, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, Billings, Montana

For Respondents:

Honorable Joseph P. Mazurek, Attorney General; Pamela P. Collins,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney; Joe Coble and Dave Legare,

Deputy County Attorneys, Billings, Montana

Submitted on Briefs: August 27, 1998

Decided: September 22, 1998

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

¶ **Arlan Koehn (hereinafter Koehn) appeals from the orders of the Thirteenth Judicial District Court, Yellowstone County, denying his motions to dismiss a felony charge of driving a motor vehicle while under the influence of alcohol (felony DUI). We affirm the decision of the District Court.**

## ISSUES

¶ **1. Did the District Court err in failing to dismiss Koehn's felony DUI charge due to a lack of competent evidence proving Koehn had a prior conviction for DUI in 1988?**

¶ **2. Did the District Court err in failing to dismiss Koehn's felony DUI charge as violative of the Equal Protection Clause?**

**¶ 3. Did the District Court err in failing to dismiss Koehn's felony DUI charge as violative of the Due Process Clause?**

BACKGROUND

**¶ Koehn was charged on June 25, 1996, with driving under the influence of alcohol, fifth offense, in violation of § 61-8-401, MCA, and driving while license is suspended or revoked in violation of § 61-5-212, MCA. The violation of § 61-8-401, MCA, was prosecuted as a felony offense under § 61-8-731, MCA, due to Koehn's prior history, which included four earlier convictions for DUI in Koehn's home state of South Dakota in 1984, 1988, 1991 and 1995.**

**¶ Prior to trial, Koehn filed a motion to dismiss the felony DUI charge on the grounds of selective prosecution in violation of his right to equal protection and due process of law. The District Court deferred hearing the motion at that time, the matter proceeded to trial, and the jury found Koehn guilty on both charges.**

**¶ Koehn then renewed his motion to dismiss, and an evidentiary hearing was held on July 22, 1997, in which various members of the Yellowstone County Attorney's office testified regarding the County Attorney's policy on charging and investigating felony DUI offenses. This testimony showed that prior to January 1997, it had been the practice of the County Attorney's office, when prosecuting DUI offenses, to obtain and consider information on pre-1989 DUI convictions. Effective January 1997, however, this policy had been amended, and the County Attorney's office was no longer seeking to obtain information on DUI convictions rendered prior to 1989 when determining whether to prosecute a current violation as a felony DUI offense.**

**¶ Based on the evidence received at the July 22, 1997 hearing, the District Court entered an order denying Koehn's motion to dismiss on constitutional grounds. However, shortly before the sentencing hearing, Koehn filed another motion to dismiss on the grounds of insufficiency of evidence to prove the existence of the 1988 DUI conviction upon which the felony charge was partially based. The District Court denied this motion also, determining that there was adequate proof of the prior conviction to support application of the felony charge.**

## STANDARD OF REVIEW

¶ A district court's decision to grant or deny a motion to dismiss in a criminal case involves a question of law which this Court reviews *de novo* to determine whether the court's conclusions are correct. *State v. McKee*, 1998 MT 110, ¶13, 958 P.2d 700, ¶ 13, 55 St.Rep. 433, ¶ 13. Moreover, when resolution of an issue involves a question of constitutional law, our review of the lower court's interpretation of the law is plenary. *Matter of S.L.M.* (Mont. 1997), 951 P.2d 1365, 1370, 54 St.Rep. 1480, 1484; *State v. Schnittgen* (1996), 277 Mont. 291, 295, 922 P.2d 500, 503.

## FIRST ISSUE

¶ Did the District Court err in failing to dismiss Koehn's felony DUI charge due to a lack of competent evidence proving Koehn had a prior conviction for DUI in 1988?

¶ Section 61-8-401(a), MCA, makes it unlawful and punishable for a person under the influence of alcohol to drive or be in actual physical control of a vehicle. The penalties for the first three violations of § 61-8-401, MCA, are found in § 61-8-714, MCA. However, upon a fourth or subsequent conviction for DUI, the offense becomes a felony offense and is subject to the enhanced penalties set forth in § 61-8-731, MCA. In order for felony status and an enhanced penalty to be imposed, the defendant's prior conviction record must demonstrate that the current offense is a fourth or subsequent violation of § 61-8-401, MCA.

¶ At the sentencing hearing, the State submitted evidence of the 1988 DUI conviction in the form of an abstract of an FBI Identification Record on Koehn (hereinafter the FBI abstract) which included an arrest for DUI in March 1988 in Watertown, South Dakota, but did not indicate the disposition of the charge. The State also submitted an uncertified copy of a Judgment of Conviction and Order Suspending Sentence issued by the Circuit Court of Codington County, South Dakota (hereinafter the South Dakota judgment), which states that Koehn plead guilty to and was sentenced on a charge of driving while under the influence of alcohol on August 2, 1988. Also placed into evidence was a Pre-Sentence Investigation Report prepared by the Department of Corrections and Human Services, which did not mention the 1988 conviction.

¶ Koehn asserts that the trial court improperly considered his 1988 DUI conviction

to enhance his sentence because the court improperly relied on the uncertified copy of the FBI abstract and the South Dakota judgment. It follows that if the 1988 conviction cannot be established, the 1984 conviction is likewise eliminated from consideration by operation of an earlier statute which provided for the expungement of a DUI conviction after five years if no similar conviction occurred within that time. *See State v. Brander* (1996), 280 Mont. 148, 930 P.2d 31; *State v. Sidmore* (Mont. 1997), 951 P.2d 558, 54 St.Rep. 1381. Without the 1988 and 1984 convictions, Koehn argues, his record reflects only two previous DUI convictions, which is not sufficient to support the jurisdiction of the District Court or the imposition of the felony DUI charge.

¶ Nevertheless, despite his arguments on appeal, Koehn conceded in writing in his second and third motions to dismiss filed with the District Court that he had four prior convictions of DUI in South Dakota, including his conviction in 1988. In *Rasmussen v. Heebs Food Ctr.* (1995), 270 Mont. 492, 497, 893 P.2d 337, 340, we described a "judicial admission" as "an express waiver made in court by a party or his attorney conceding the truth of an alleged fact." We noted that such an admission has a conclusive effect upon the party who makes it and prevents that party from introducing further evidence to prove, disprove or contradict the admitted fact. *Rasmussen*, 270 Mont. at 497, 893 P.2d at 340 (citation omitted). *Accord DeMars v. Carlstrom* (1997), 285 Mont. 334, 337-38, 948 P.2d 246, 248-49.

¶ In the case at bar, Koehn, having twice conceded in writing in court that he had four prior DUI convictions, is bound by these judicial admissions of fact and may not now argue that there is no competent evidence of his 1988 conviction.

## SECOND ISSUE

¶ Did the District Court err in failing to dismiss Koehn's felony DUI charge as violative of the Equal Protection Clause?

¶ It is Koehn's assertion that the Yellowstone County Attorney's office discriminated against him by prosecuting him for felony DUI when other similarly situated offenders were charged with lesser offenses. Koehn contends that this discriminatory treatment was based on his out-of-state residency status and that he would not have been so charged had he been a Montana resident.

¶ The District Court, in its Findings of Fact and Conclusions of Law issued August 28, 1997, determined there was no equal protection violation stemming from the actions or policies of the Yellowstone County Attorney's office, because the actions of that office did not result in discriminatory treatment of an identifiably burdened class. Our review of the record supports the District Court's conclusions on this issue.

¶ The Fourteenth Amendment of the United States Constitution and Art. II, Sec. 4 of the 1972 Montana Constitution guarantee equal protection of the laws to all persons. *Matter of C.H.* (1984), 210 Mont. 184, 197, 683 P.2d 931, 938. The principal purpose of the equal protection clauses is to insure that persons are not made the subject of arbitrary and discriminatory state action. *Godfrey v. Montana State Fish & Game Com'n* (1981), 193 Mont. 304, 306, 631 P.2d 1265, 1267. A threshold issue in our determination of whether the prosecutor's conduct denied Koehn equal protection of the law is whether the challenged action actually resulted in unfair or discriminatory treatment. If all the members of a class are treated equally, there can be no equal protection violation. *State v. Tadewaldt* (1996), 277 Mont. 261, 270, 922 P.2d 463, 468.

¶ Koehn was arrested and charged with a DUI in June 1996, at which time the Yellowstone County Attorney's office sought and obtained information on his prior conviction record. This record included DUI convictions in 1984, 1988, 1991 and 1995. None of Koehn's prior convictions qualified for expungement under the rationale set forth in *Brander,* 280 Mont. at 155, 930 P.2d at 35, and *Sidmore*, 951 P.2d at 565, 54 St.Rep. at 1385, because there was no five-year period between convictions during the relevant time frame. Neither were any of these convictions susceptible to collateral attack on the grounds set forth in *State v. Okland* (1997), 283 Mont. 10, 15, 941 P.2d 433, 434, because Koehn had been represented by counsel during each of the prior prosecutions. All of Koehn's prior convictions were therefore properly considered in charging him with felony DUI on his June 1996 offense.

¶ More than six months after Koehn's arrest, the Yellowstone County Attorney's office prospectively altered its charging policies so that it would no longer seek to obtain information on prior DUI convictions received before October 1, 1989. This change in policy was motivated by the practical difficulties the county attorney's office had experienced in obtaining and using these older records, including the fact that the records were difficult to locate, were often incomplete, were vulnerable to

collateral attack for lack of information regarding a proper waiver of right to counsel, or had been expunged by operation of an earlier version of the DUI statutes. The policy regarding investigation of pre-1989 convictions was implemented in January 1997 and applied to all DUI offenders charged subsequent to its adoption. The change in charging policy was not applied to Koehn, because he had been charged prior to the adoption of the change, after the prosecutor's office had already obtained the information in his record, and prospective application of the policy did not require the prosecutor's office to disregard information it had already expended resources in obtaining.

¶ Koehn argues that this change in policy was not uniformly applied because others who were charged with a similar offense during the same period of time received reduced charges, while he did not. Koehn also points out that each of the other defendants were residents of Montana and asserts that favorable treatment was accorded for that reason. However, the evidence contained in the record convinces us that the reduction in charges in the cases cited by Koehn was due to factors unrelated to the residency of the particular defendants and for reasons that did not apply in Koehn's case, such as the inability of the prosecutor to obtain information on a particular defendant's prior convictions, or prove the prior convictions, or use the prior convictions due to an ineffective waiver of counsel during the prior proceedings. Our review of the record does not support Koehn's contention that the Yellowstone County Attorney's office engaged in discriminatory treatment of him, and for this reason we uphold the decision of the District Court.

## THIRD ISSUE

¶ **Did the District Court err in failing to dismiss Koehn's felony DUI charge as violative of the Due Process Clause?**

¶ Koehn also argues that the application of the prosecutor's January 1997 policy against investigating pre-1989 convictions to prospective offenders but not to those whose charges were already pending is violative of his right to due process of law. However, as the State points out, this argument was not presented by Koehn in his brief to the District Court in support of his motion to dismiss. Although Koehn's pleadings make the bald assertion that he has been denied due process of law, such an assertion is not sufficient to preserve an issue on appeal without a clearer articulation of the basis of the challenge, and unless plain error can be shown, a

**party may not advance a theory on appeal that was not sufficiently asserted before the trial court.** *State v. Greywater* (1997), 282 Mont. 28, 35, 939 P.2d 975, 979; *Shimsky v. Valley Credit Union* (1984), 208 Mont. 186, 191, 676 P.2d 1308, 1310-11; *Akhtar v. Van De Wetering* (1982), 197 Mont. 205, 209, 642 P.2d 149, 152. **We therefore decline to address this issue.**

**¶ Affirmed.**

/S/ J. A. TURNAGE

We concur:

/S/ JAMES C. NELSON

/S/ KARLA M. GRAY

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER