No. 04-289

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 179

STATE OF MONTANA,

      Plaintiff and Appellant,

  v.

JOHN COLE BROCKWAY, III,

      Defendant and Respondent.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and for the County of Park, Cause No. DC 03-45
The Honorable Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Honorable Mike McGrath, Montana Attorney General, Ilka Becker, Assistant Attorney General, Helena, Montana; Tara Depuy, Park County Attorney, Livingston, Montana

      For Respondent:

          Karl Knuchel, Attorney at Law, Livingston, Montana

Submitted on Briefs:  September 9, 2004

Decided:  July 19, 2005

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 This is an appeal by the State from an Order of the District Court for the Sixth Judicial District, Park County, granting John Brockway's Motion to Sever two counts of misdemeanor Partner or Family Member Assault from two counts of felony Partner or Family Member Assault. We reverse and remand for further proceedings consistent with this Opinion.

¶2 We address the following issue on appeal: Whether the District Court erred in concluding that it lacked jurisdiction to try Brockway for Partner or Family Member Assault.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On May 7, 2003, the State charged Brockway by Information with four counts of Partner or Family Member Assault in violation of § 45-5-206, MCA (2001). Three of the assaults were alleged to have been committed against Brockway's girlfriend in December 2002, and one in March 2003. The Information identified the first two counts as misdemeanors and the subsequent counts as felonies.

¶4 Brockway filed a Motion to Sever the charges and a brief in support wherein he argued that having to defend against the felonies at the same time as the misdemeanors violated his constitutional right to due process. He also argued that the misdemeanors should first be tried in Justice Court so that he would have the opportunity to appeal to the District Court.

¶5 A hearing on Brockway's motion was held on January 14, 2004. Following the hearing, both parties filed briefs. Brockway argued in his brief that original jurisdiction over

all misdemeanors lies solely with the justice or city courts. The State argued in its brief that joinder of the charges in this case was proper and that the District Court had jurisdiction pursuant to § 3-5-302(2)(c), MCA, which provides:

> (2) The district court has concurrent original jurisdiction with the justice's court in the following criminal cases amounting to misdemeanor:
> . . . .
> (c) misdemeanors resulting from a finding of a lesser included offense in a felony or misdemeanor case tried in district court.

¶6 On March 15, 2004, the District Court issued an Order wherein it concluded that it lacked jurisdiction under § 3-5-302, MCA, because the four Partner or Family Member Assault charges were not felonies and the court could not presume convictions on the first two counts of Partner or Family Member Assault to raise the third or fourth count to a felony. Hence, the District Court granted Brockway's Motion to Sever and remanded the case to Park County Justice Court. In its Order, the District Court also noted its concerns that Brockway would be prejudiced by a joint trial on the charges because the jury would conclude that Brockway was a "bad guy," especially since the State wanted to introduce evidence of other "bad acts" and an expert on Battered Women's Syndrome.

¶7 The same day the District Court issued its Order granting Brockway's Motion to Sever, the State filed a Motion to Reconsider, which the District Court denied. The State now appeals the District Court's Order granting Brockway's Motion to Sever as well as its Order denying the State's Motion to Reconsider.

## STANDARD OF REVIEW

3

¶8 Although the motion before the District Court was entitled a Motion to Sever, in effect, what the District Court granted was a Motion to Dismiss for lack of jurisdiction. The grant or denial of a motion to dismiss in a criminal case is a question of law and this Court reviews a district court's conclusions of law to determine whether those conclusions are correct. *State v. Tichenor*, 2002 MT 311, ¶ 18, 313 Mont. 95, ¶ 18, 60 P.3d 454, ¶ 18 (citing *State v. Hocevar*, 2000 MT 157, ¶ 115, 300 Mont. 167, ¶ 115, 7 P.3d 329, ¶ 115; *State v. Weaver*, 1998 MT 167, ¶ 43, 290 Mont. 58, ¶ 43, 964 P.2d 713, ¶ 43).

## DISCUSSION

¶9 *Whether the District Court erred in concluding that it lacked jurisdiction to try Brockway for Partner or Family Member Assault.*

¶10 The State argues on appeal that the District Court erred in concluding that it lacked jurisdiction to try Brockway for Partner or Family Member Assault because district courts have concurrent jurisdiction with justice courts in misdemeanor cases such as Brockway's. Hence, the State asks this Court to vacate the District Court's March 15, 2004 Order which had the effect of dismissing the charges against Brockway.

¶11 While justice courts have jurisdiction of all misdemeanors punishable by a fine not exceeding $500.00 or imprisonment not exceeding six months or both, district courts have concurrent jurisdiction with justice courts of all misdemeanors punishable by a fine exceeding $500.00 or imprisonment exceeding six months or both. Sections 3-10-303(1)(a) and (1)(c), MCA. The maximum fine for a first conviction of Partner or Family Member Assault is $1,000.00 and the maximum term of imprisonment is one year. Section 45-5-

4

206(3)(a)(i), MCA. Hence, under § 3-10-303(1)(c), MCA, district courts have concurrent jurisdiction with justice courts over misdemeanor charges of Partner or Family Member Assault.

¶12 Brockway claims this was a legislative oversight that failed to take into account that the Legislature had increased the maximum amount of fines in nearly all misdemeanors over its past three sessions and, at the same time, it was increasing justice and city court jurisdiction over civil matters to help clear the clutter of civil cases being brought originally in district court. Brockway asserts that the Legislature did not intend to increase the number of original misdemeanor criminal filings in the district courts.

¶13 The State responds that Brockway's speculation that the Legislature did not intend that district courts exercise jurisdiction over misdemeanors with fines exceeding $500.00 is irrelevant. The State correctly points out that the first step in determining legislative intent is to look at the plain language of the statute. "If it is clear and unambiguous, no further interpretation is necessary." *Merlin Myers Revocable Trust v. Yellowstone County*, 2002 MT 201, ¶ 19, 311 Mont. 194, ¶ 19, 53 P.3d 1268, ¶ 19 (citation omitted). In this case, because the language of the statute is clear, we need not look at what the Legislature may or may not have intended.

¶14 The State also points out that the parties and the District Court overlooked § 3-5-302(1)(d), MCA, which the State argues confers original jurisdiction on the District Court to try both misdemeanor and felony offenses of Partner or Family Member Assault. Section

5

3-5-302(1)(d), MCA, provides that the district court has original jurisdiction in "all cases of misdemeanor not otherwise provided for . . . ."

¶15 Brockway argues that the State's characterization of Partner or Family Member Assault as a "misdemeanor not otherwise provided for" is misplaced and does not confer original jurisdiction with the District Court. Brockway maintains that the jurisdictional grant in § 3-5-302(1)(d), MCA, is a reference to specific misdemeanors and was not intended to include original jurisdiction on misdemeanor criminal actions where jurisdiction lies with the Justice Court.

¶16 Because we have already determined that district courts have concurrent jurisdiction with justice courts on misdemeanor charges of Partner or Family Member Assault pursuant to § 3-10-303(1)(c), MCA, we need not reach this argument.

¶17 Brockway also argues that the State's position would violate his rights under § 46-17-311(1), MCA, which gives him the opportunity to have a new trial in the District Court in the event he is convicted in Justice Court. The State points out that § 46-17-311(1), MCA, provides that all cases appealed from a justice court that is not a court of record must be tried anew in district court. There is no right to a trial *de novo* from district court or from a justice court established as a court of record. Brockway has the right to one jury trial in a court of record, which he will receive in the District Court. If he is convicted, he may then exercise his right of appeal to this Court.

¶18 Accordingly, we hold that the District Court erred in concluding that it lacked jurisdiction to try Brockway for all four charges of Partner or Family Member Assault.

6

¶19    Reversed and remanded for further proceedings consistent with this Opinion.


                                                        /S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE