DA 06-0761

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 288

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DAVID BULLMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDC 99-247,
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      David Bullman, pro se, Deer Lodge, Montana

      For Appellee:

      Honorable Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

      Brant Light, County Attorney, Great Falls, Montana

Submitted on Briefs:  October 10, 2007

Decided:  November 6, 2007

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 David Bullman (Bullman) appeals from the District Court's denial of his petition for sex offender re-designation in the Eighth Judicial District, Cascade County. We reverse.

¶2 We restate the issue as follows:

¶3 Did the District Court err when it failed to consider Bullman's petition for re-designation based on the statutory language of § 46-23-509(4), MCA (2005)?

**BACKGROUND**

¶4 On October 28, 1999, pursuant to a plea agreement, Bullman pled guilty to sexual intercourse without consent with a fifteen-year-old. The District Court sentenced Bullman to ten years, with five suspended, at Montana State Prison (MSP) and designated Bullman a level III sex offender. On March 1, 2005, the District Court revoked Bullman's suspended sentence after finding that Bullman possessed pornographic materials and failed to complete his sex offender program. Bullman then began serving the remainder of his original ten-year sentence at MSP.

¶5 At the time of Bullman's sentencing, § 46-23-509(4), MCA (1999), provided:

> An offender designated as a level 2 or level 3 offender may petition the sentencing court to change the offender's designation if the offender has enrolled in and successfully completed the treatment phase of either the prison's sexual offender program or of an equivalent program approved by the department. After considering the petition, the court may change the offender's risk level designation if the court finds by clear and convincing evidence that the offender's risk of committing a repeat sexual offense has changed since the time sentence was imposed.

2

In 2002, the Legislature amended § 46-23-509(4), MCA, to allow only level II sex offenders to petition for a change in risk-level designation. Section 7, Ch. 22, Sp. L. Aug. 2002.

¶6 On October 19, 2006, Bullman petitioned the District Court to reduce his level III sexual offender designation to a level II designation. Bullman's petition claimed that he successfully had completed sex offender treatment and that MSP counselors supported his re-designation to a level II sex offender. The District Court applied § 46-23-509(4), MCA (2005), and denied Bullman's petition because the statute permitted only sex offenders initially designated as level II offenders to petition for modification. Bullman appeals the District Court's denial of this petition.

## STANDARD OF REVIEW

¶7 We review for correctness a district court's interpretation and application of a statute. *State v. Clark*, 2006 MT 313, ¶ 7, 335 Mont. 39, ¶ 7, 149 P.3d 551, ¶ 7.

## DISCUSSION

¶8 **Did the District Court err when it failed to consider Bullman's petition for re-designation based on the statutory language of § 46-23-509(4), MCA (2005)?**

¶9 Bullman contends that the District Court erred when it applied § 46-23-509(4), MCA (2005), rather than § 46-23-509(4), MCA (1999), and denied his petition for re-designation. Bullman claims that the District Court should have applied the earlier statute because Bullman was sentenced under the 1999 version of the code. Further, Bullman argues that the District Court's ruling violated the constitutional prohibitions against *ex post facto* laws. Bullman correlates the District Court's application of the

3

2005 statute to a district court's imposition of a sentence under statutes enacted after an offense has been committed, a process we have held unconstitutional. *E.g. State v. Azure*, 179 Mont. 281, 282, 587 P.2d 1297, 1298 (1978).

¶10 The State counters that the District Court did not err when it applied the 2005 version of the law because the purpose of sex offender designations is to protect the public, not to punish sex offenders. The State relies on our holding in *State v. Mount*, wherein we held that the Sexual or Violent Offender Registration Act (the Act) did not violate *ex post facto* principles because both the intent and effect of the Act were non-punitive. 2003 MT 275, ¶ 90, 317 Mont. 481, ¶ 90, 78 P.3d 829, ¶ 90. Thus, the State contends that, based on *Mount*, the District Court's ruling failed to violate *ex post facto* prohibitions. Further, the State analogizes sex offender regulations to motor vehicle or driver's license regulations and argues that, as with any regulatory scheme, the Act's requirements and limitations are always subject to change. The State asserts that Bullman must comply with those changes as must other citizens in a regulated society. The State maintains that the District Court did not apply the law retroactively; rather, it applied the correct law based on Bullman's petition: Bullman filed his petition in 2006, and the District Court applied the then-applicable law—§ 42-23-509(4), MCA (2005).

¶11 We agree with Bullman that the District Court erred in applying § 42-23-509(4), MCA (2005). When interpreting statutes, we seek to implement the Legislature's objectives. *Boettcher v. Mont. Guar. Fund*, 2007 MT 69, ¶ 19, 336 Mont. 393, ¶ 19, 154 P.3d 629, ¶ 19. The statute's plain language controls our interpretation if we can discern the legislative intent from the plain meaning of the statute's words. *Boettcher*, ¶ 19.

¶12 During the 2002 Special Session, the Legislature amended § 46-23-509(4), MCA, and deleted the language granting level III sex offenders the right to petition for a re-designation. Section 7, Ch. 22, Sp. L. Aug. 2002. The Legislature specifically stated that the amendment applies to "convictions on or after [the effective date of this act]." Section 9, Ch. 22, Sp. L. Aug. 2002. The amendment became effective when it was approved on August 21, 2002. Section 8, Ch. 22, Sp. L. Aug. 2002. Thus, the plain language of § 46-23-509(4), MCA (2003), when construed with its applicability provision, stands for the proposition that level III sex offenders convicted on or after August 21, 2002, may not petition for re-designation of their sex offender status. The District Court sentenced Bullman on February 15, 2000, and thus, the amended statute does not apply to preclude Bullman's petition. We conclude that the District Court erred in dismissing Bullman's petition based on § 46-23-509(4), MCA (2005).

¶13 We reverse and remand to the District Court based on the plain language of § 46-23-509(4), MCA (2003), regarding the statute's applicability, and thus, we do not reach the parties' *ex post facto* arguments. Bullman contends that he has met the clear and convincing standard, and he requests that we change his sex offender designation. We refuse to comment on the merits of Bullman's petition. We conclude only that Bullman has the right to petition the courts for re-designation; the District Court must determine whether Bullman qualifies for re-designation.

¶14 We reverse and remand to the District Court for further proceedings.

/S/ W. WILLIAM LEAPHART

5

We concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS