# FILED

June 7 2011

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 10-0602

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 127

RONALD N. FICK,

      Plaintiff and Appellant,

  v.

KEVIN S. BROWN,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DV 10-152
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ronald N. Fick, (self-represented); Livingston, Montana

      For Appellee:

          Kevin S. Brown, (self-represented); Livingston, Montana

Submitted on Briefs:  April 26, 2011

Decided:  June 7, 2011

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    Ronald N. Fick (Fick) appeals from the order of the Sixth Judicial District Court granting the Defendant's motion to dismiss. We affirm the District Court and remand for imposition of sanctions. We consider the following issue on appeal:

¶2    *Whether § 3-10-302, MCA, confers concurrent jurisdiction on justices' and district courts for actions arising under the Montana Residential Landlord and Tenant Act of 1977 (the "Landlord and Tenant Act").*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    This case arises out of a previous landlord/tenant action filed in the Sixth Judicial District Court. *Martyn v. Fick*, No. DV 07-134 (Mont. Sixth Jud. Dist. Ct. Aug. 25, 2008). Defendant Kevin S. Brown (Brown) is an attorney in Livingston, where plaintiff Fick also resides. Fick is a landlord for several properties in the area. Brown filed the previous suit in September 2007 on behalf of two tenants who alleged that Fick had unlawfully evicted them from a unit he manages. The tenants claimed Fick changed the locks on their unit without obtaining a valid eviction order, thereby depriving them of personal property still in the unit. Fick retained an attorney, contested the allegations in the complaint, and filed a counterclaim. After a bench trial, the District Court found for Fick and entered judgment in his favor on September 26, 2008, in an amount representing one month's lost rent, transfer and storage fees for the personal property, and attorney's fees. The tenants did not appeal. Fick assigned the judgment to a collection service in June 2010.

2

¶4     Fick filed the present action in August 2010.  Fick's chief contention in District Court, which he now reasserts on appeal, was that Brown had fraudulently brought the prior landlord/tenant action in District Court, rather than in Justice's Court.  He asserts a number of other contentions which we do not reach on appeal as a result of our resolution of Fick's primary claim.

## STANDARD OF REVIEW

¶5     We review a district court's interpretation of a statute for correctness.  *Stevens v. Novartis Pharms. Corp.*, 2010 MT 282, ¶ 24, 358 Mont. 474, 247 P.3d 244.

## DISCUSSION

¶6     *Whether § 3-10-302, MCA, confers concurrent jurisdiction on justices' and district courts for actions arising under the Landlord and Tenant Act.*

¶7     It is abundantly clear from Fick's appellate briefs that he is convinced Brown's filing of the landlord/tenant action in District Court was designed to harass, intimidate, and force Fick to incur unnecessary expenses.  Fick's briefs contain all manner of vituperation directed at Brown and Judge Swandal, who presided over the case, which need not be repeated here.  Suffice it to say that Fick believes Montana law requires all landlord/tenant actions to be brought in justices' courts.  Fick's claim in the present case was dismissed with prejudice by the District Court for failure to state a claim on which relief could be granted.  The court observed that § 3-10-302, MCA, is "clear and unambiguous," and provides for concurrent jurisdiction in the justices' and district courts over actions arising under the Landlord and Tenant Act.

3

¶8      Section 3-10-302, MCA, provides:

> The justices' courts have concurrent jurisdiction with the district courts within their respective counties in actions of forcible entry and unlawful detainer and in actions brought under Title 70, chapter 24 [the Landlord and Tenant Act].

Fick is either unable to comprehend the statutory language in § 3-10-302, MCA, or so desirous of an opposite result that he willfully ignores it. Regardless of Fick's personal feelings on whether justices' courts should have exclusive, original jurisdiction over landlord/tenant actions, the clear terms of Montana law provide that they share concurrent jurisdiction with district courts. Concurrent jurisdiction means that the action may be brought in *either* justice's court or district court, at the option of the party bringing the suit. *State v. Brockway*, 2005 MT 179, ¶¶ 11-13, 328 Mont. 5, 116 P.3d 788; *Black's Law Dictionary* 928 (Bryan A. Garner ed., 9th ed., West 2009) (defining concurrent jurisdiction as "[j]urisdiction that might be exercised simultaneously by more than one court over the same subject matter and within the same territory, a litigant having the right to choose the court in which to file the action."). Whatever the motive may be, a litigant is thus within his or her rights to bring a landlord/tenant action directly in district court pursuant to the unambiguous statutory language of § 3-10-302, MCA, as the District Court correctly concluded. *E.g. Summers v. Crestview Apts.*, 2010 MT 164, 357 Mont. 123, 236 P.3d 586 (appeal of Landlord and Tenant Act case brought directly in district court).

¶9      The reasoning behind awarding concurrent jurisdiction is sound: in complex or highly contested landlord/tenant litigation, neither time nor expense is saved by going

4

through a justice's court proceeding, only to appeal the result in a district court trial *de novo*. The opposite is true. In the initial landlord/tenant action, it is entirely possible that Brown saved Fick time and expense by bypassing the Justice's Court, if he intended to appeal a negative result to District Court.

¶10     Furthermore, we cannot help but observe that if either party is guilty of harassment and putting the other through unnecessary time, expense, and anguish, it is undoubtedly Fick. After failing to mention his present contentions even once during the prior suit, Fick has now dragged Brown through both District Court *and* Supreme Court proceedings on an entirely baseless claim. Moreover, the tone and content of his briefs are outside the realm of acceptable language in court documents. In Fick's desire to prevail on his claims, he has refused to accept the plain language of the law. "Sometimes the truth just ain't enough/ Or is it too much in times like this." Bruce Springsteen, *Worlds Apart*, on *The Rising* (Columbia Recs. 2002).

¶11     Lastly, we consider Brown's request to impose sanctions on Fick pursuant to M. R. App. P. 19(5). The rule empowers this Court to "award sanctions to the prevailing party in an appeal . . . determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds." The District Court noted Fick's claims appeared frivolous, explicitly warned Fick that further filings on his part could result in sanctions, and clearly explained to Fick why his claims were without substantial grounds. Fick nonetheless persisted in pursuing a clearly meritless claim and used the opportunity to make unsupported accusations of wrongdoing against those involved in the court process. We conclude his arguments are not made in good

5

faith and sanctions are warranted. *Hilten v. Bragg*, 2010 MT 273, ¶ 30, 358 Mont. 407, 248 P.3d 282. Fick's appeal is frivolous and vexatious, and was filed for purposes of harassment.

¶12 We affirm the District Court's dismissal of Fick's complaint and remand for a determination and assessment of costs and reasonable attorney's fees incurred on appeal.


/S/ BETH BAKER

We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE